UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ARTURO RODRIGUEZ MORALES (A# 214-510-552),

Petitioner,

v.

WARDEN et al.,

Respondents.

Case No. 5:26-cv-04203-SB-ADS

ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Arturo Rodriguez Morales, a citizen of Mexico and a recipient of deferred action under Deferred Action for Childhood Arrivals (DACA), filed a petition for a writ of habeas corpus challenging his immigration detention and seeking immediate release. Dkt. No. 1. Because the government does not defend the statutory basis on which Petitioner was detained and, despite the Court's directive, fails to substantively address his argument that his detention without predeprivation process requires his release, the Court grants the petition.

I.

Petitioner Arturo Rodriguez Morales, a citizen of Mexico, has lived in the United States since he arrived as a child in 2006. Dkt. No. 1 ¶¶ 14, 21–23. In March 2020, United States Citizenship and Immigration Services (USCIS) granted him deferred action under Deferred Action for Childhood Arrivals (DACA) and most recently renewed that grant through March 4, 2027. Dkt. No. 1-1 at 5; *see Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 27 (2020) (explaining that deferred action "is the decision to defer removal" and renders recipient "lawfully present" for purposes of certain federal benefits); *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1059 (9th Cir. 2014) ("[D]eferred action is a period of stay authorized by the Attorney General."). On June 15, 2026, as Petitioner was being released from county jail following a misdemeanor theft conviction, Immigration and Customs Enforcement (ICE) officers arrested him and transported him to the Adelanto ICE Processing Center, where he remains detained. Dkt. No. 1 ¶¶ 32, 36; Dkt. No. 1-1 at 4.

ICE prepared an I-213 form at the time of Petitioner's arrest, which states that he is subject to DACA, that USCIS "will send a notice of intent to terminate DACA status," and that Petitioner is subject to mandatory detention pursuant to the Laken Riley Act. Dkt. No. 1-1 at 5; *see Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *20 (9th Cir. July 30, 2026) (explaining that the Laken Riley Act expanded on statutory provisions requiring mandatory detention of noncitizens who have committed certain enumerated crimes).

On July 28, 2026, Petitioner filed a petition for a writ of habeas corpus seeking immediate release. His central claim is that the grant of deferred action created a protected interest in his continued freedom from detention, entitling him to notice and an opportunity to be heard before detention, and that the government deprived him of that interest in violation of his Fifth Amendment due process rights. Dkt. No. 1 ¶¶ 51–59, 69–72. He also argues that he was incorrectly detained under the Laken Riley Act and 8 U.S.C. § 1226(c), in violation of the Immigration and Nationality Act (INA). The Court ordered the government to file a response addressing the petition's arguments and attaching relevant documents concerning Petitioner's detention, cautioning that "[f]ailure to substantively address the arguments in the petition may be construed as consent to granting the requested relief." Dkt. No. 6.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States").

Petitioner asserts that his detention without predeprivation process violated his right to procedural due process because his grant of deferred action gave rise to a protected liberty interest, including the right to notice and a hearing before detention. He also points to DACA's implementing regulations, which require USCIS to provide a Notice of Intent to Terminate and an opportunity to respond prior to terminating a grant of deferred action. *See* 8 C.F.R. § 236.23(d)(1). He alleges, and the government does not dispute, that he has never received such notice and that his DACA status remains in effect.

Despite the Court's warning, the government failed to substantively respond to these arguments. It filed a three-page boilerplate response that is largely

unresponsive to the facts of the case. Notably, the government does not defend the I-213's determination that Petitioner is subject to mandatory detention under the Laken Riley Act or otherwise contend that § 1226(c) applies. Instead, it states that Petitioner "appears to be entitled to request and receive an initial bond hearing" under 8 U.S.C. § 1226(a). Dkt. No. 8 (citing *Rodriguez Vazquez*, 2026 WL 2196424 (finding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)")).

The response also asserts that Petitioner "was redetained due to a material change of circumstance, specifically Petitioner's January 29, 2026 theft conviction." Dkt. No. 8 at 2. But the government does not explain how that "change in circumstance" bears on Petitioner's due process claim or the relief he seeks, let alone cite any supporting authority. The government's only other argument—that the petition should be denied for failure to exhaust administrative remedies "to the extent the instant Petitioner has not yet requested [] a bond hearing"—does not address Petitioner's contention that a postdeprivation bond hearing cannot remedy the alleged deprivation of predeprivation process. Dkt. No. 8 at 2–3. Most significantly, the government does not address Petitioner's asserted DACA-based liberty interest, his claim that due process required notice and an opportunity to be heard before detention, or his argument that the appropriate remedy for that alleged violation is immediate release.

Accordingly, based on the particular facts, record, and procedural history of this case, the Court deems the government to have consented to Petitioner's request for release by failing to respond to his arguments. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 n.5 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). The Court therefore grants the petition and **orders the government to immediately release Petitioner (A# 214-510-552) from custody.**

By August 19, 2026, the government shall file a report on the status of its compliance with this order. A final judgment shall separately issue.

Date: August 14, 2026

Stanley Blumenfeld, Jr.
United States District Judge